## COMMONWEALTH vs. TIMOTHY FINASE.

Norfolk. September 7, 2001. - November 5, 2001.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Abuse Prevention. Protective Order. Statute,* Construction. *Words,* "No contact," "Stay away."

A violation of the "stay at least 100 yards [away]" provision of an abuse prevention order was a violation enumerated under G. L. c. 209A, § 7, requiring "no contact," and thus could be prosecuted under that section. [312-315]

COMPLAINT received and sworn to in the Wrentham Division of the District Court Department on July 12, 1999.

The case was heard by *Daniel B. Winslow*, J., on a motion to dismiss, and a motion for reconsideration was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William T. Harrington*, Special Assistant District Attorney (*Robert C. Cosgrove*, Assistant District Attorney, with him) for the Commonwealth.

*Edward J. Kelly* (*Lauren A. Kelly & Leo McAuliffe* with him) for the defendant.

*Toni G. Wolfman, Anthony Mirenda & Kristi G. Hatrick* for The Domestic Violence Council, Inc., & others, amici curiae, submitted a brief.

*Thomas F. Reilly*, Attorney General, *& Barbara F. Berenson*, Assistant Attorney General, for Attorney General, amicus curiae, submitted a brief.

COWIN, J. On June 18, 1999, on a complaint filed by Bridie O'Loughlin, the Wrentham Division of the District Court Department issued an ex parte abuse prevention order (order) against the defendant, Timothy Finase. The order provided in pertinent part:

"YOU ARE ORDERED NOT TO CONTACT THE PLAINTIFF, except as permitted in [paragraph] 8 below or for notification of court proceedings as permitted in this section, either in person, by telephone, in writing or otherwise, either directly or through someone else, and to stay at least 100 yards from the Plaintiff even if the Plaintiff seems to allow or request contact. Notification of court proceedings is permissible only by mail, or by sheriff or other authorized officer when required by statute or rule."

After a hearing on July 1, 1999, attended by both O'Loughlin and the defendant, the order containing, inter alia, the above provision was extended to June 30, 2000. On July 10, 1999, O'Loughlin was present at a concert on Wrentham town common when she saw the defendant standing by the bandstand. Shortly thereafter, she again saw him; this time he was approximately three or four feet from her. He was alone, standing beside, but slightly behind, her current boy friend, and appeared to be talking with three of her boy friend's friends. (The friends later informed police that the defendant was not in fact talking to them.) The defendant remained there "looking about the area" for about ten to fifteen minutes. O'Loughlin reported this incident to the Wrentham police who arrested the defendant for violation of the order.

A complaint issued from the Wrentham District Court charging the defendant with violating a protective order issued pursuant to G. L. c. 209A, § 3. The defendant moved to dismiss the complaint. A hearing was held, during which the Commonwealth represented that the alleged violation concerned the "stay at least 100 yards [away]" provision of the order. The District Court judge ruled that the "stay away" provision of the order is not a statutory violation enumerated under G. L. c. 209A, § 7, and thus cannot be prosecuted under that section, but only under a common-law theory of criminal contempt. Accordingly, the judge dismissed the complaint without prejudice to prosecution of the defendant for criminal contempt. The Commonwealth filed a motion for reconsideration that was denied, and then a timely notice of appeal. We transferred the case here on our motion. We vacate the judge's order and remand the case to the District Court for further proceedings.

The issue before us is whether a violation of the "stay away" provision of an abuse prevention order is a violation enumerated under G. L. c. 209A, § 7, and thus may be prosecuted under that section. In *Commonwealth* v. *Gordon*, 407 Mass. 340 (1990), we interpreted G. L. c. 209A, § 7, as amended by St. 1987, c. 213. The pertinent language of the statute, inserted by St. 1983, c. 678, § 5, at that time provided:

> "*Whenever the court orders the defendant to refrain from abusing the plaintiff or orders the defendant to vacate the household* under section three or four, the register or clerk-magistrate shall transmit two certified copies of each such order and one copy of the complaint and summons forthwith to the appropriate law enforcement agency which shall serve one copy of each order upon the defendant, together with a copy of the complaint and summons. . . .

> "Any violation of *such* order shall be punishable by a fine of not more than five thousand dollars or by imprisonment for not more than two and one-half years in a house of correction or both such fine and imprisonment. Each *such* order issued shall contain the following statement: VIOLATION OF THIS ORDER IS A CRIMINAL OFFENSE." (Emphases supplied.)

Thus, police service was required for any abuse prevention order that required the defendant not to abuse a family member or to vacate the complainant's household. A penalty was provided for violation of *such* order (i.e., an order not to abuse a family member or to vacate the household) and each *such* order was to contain the warning that violation of its terms constituted a criminal offense. The antecedents to the word "such" in each case were orders to refrain from abuse or to vacate the household. The statute's criminal sanctions were limited to violations of these two types of abuse prevention orders, and *Commonwealth* v. *Gordon, supra,* so held.

However, the statute has been amended several times since 1987. The current version of G. L. c. 209A, § 7, as amended through St. 1996, c. 298, § 8 (in effect in 1999) provides in relevant part:

"*Whenever the court orders under* sections eighteen, thirty-four B, and thirty-four C of chapter two hundred and eight, section thirty-two of chapter two hundred and nine, *sections three, four and five of this chapter,* or sections fifteen and twenty of chapter two hundred and nine C, *the defendant to vacate, refrain from abusing the plaintiff or to have no contact with the plaintiff or the plaintiff's minor child,* the register or clerk-magistrate shall transmit two certified copies of each such order and one copy of the complaint and summons forthwith to the appropriate law enforcement agency which . . . shall serve one copy of each order upon the defendant, together with a copy of the complaint, order and summons . . . .

"Law enforcement officers shall use every reasonable means to enforce *such* abuse prevention orders . . . .

"*Each abuse prevention order* issued shall contain the following statement: VIOLATION OF THIS ORDER IS A CRIMINAL OFFENSE.

"*Any* violation of such order or a protection order issued by another jurisdiction shall be punishable . . . ." (Emphases supplied.)

The scope of § 7 has thus been expanded; it now encompasses orders to have no contact with the plaintiff or the plaintiff's minor children ("no contact" orders) as well as orders to vacate and to refrain from abuse.[1] "*Each* abuse prevention order" (i.e., orders to vacate, refrain from abuse, or to have no contact) is to state that violation of its terms is a crime (emphasis supplied). The next sentence provides criminal penalties for "[a]ny violation of *such* order . . ." (emphasis supplied). This sentence must be read together with the reference in the preceding sentence to "[e]ach abuse prevention order issued," and with the prior reference to orders issued pursuant to "sections three, four and five of this chapter [G. L. c. 209A] . . . to vacate, refrain from abusing the plaintiff or to have no contact with the plaintiff or the plaintiff's minor child." Accordingly, the reference to abuse prevention orders is to orders to vacate, to refrain

---

[1]Certain orders issued in divorce proceedings have also been included within the scope of G. L. c. 209A, § 7.

from abusing, or to have no contact. By its terms, § 7 criminalizes violations of these three types of orders.[2]

We now address the defendant's contention that the terms "no contact" and "stay away" are not interchangeable and that a "no contact" order does not encompass a "stay away" order. Because the only criminal violations that may be prosecuted under § 7 are those relating to orders to vacate, to refrain from abuse, or to have no contact, and because a "stay away" order is not one of those three types of orders, the defendant argues that the judge correctly dismissed the complaint.

The defendant is correct that the two terms are not interchangeable, but a "no contact" order includes a "stay away" order. Pursuant to a "stay away" order, the defendant may not come within a specified distance of the protected party, usually stated in the order, but written or oral contact between the parties is not prohibited. By contrast, a "no contact" order mandates that the defendant not communicate by any means with the protected party, in addition to remaining physically separated. Thus, a "no contact" order is broader than a "stay away" order. See *Commonwealth* v. *Butler*, 40 Mass. App. Ct. 906, 907 (1996). Staying away from an individual is one form, probably the most fundamental and important form, of not contacting that person.[3] The Legislature, in criminalizing violations of "no contact" orders, did not exempt violations of "stay away" orders. The differences between the two are important only for determining the actions for which a defendant may be prosecuted. A violation of that portion of the order prohibiting the defendant from coming within one hundred yards of the

[2]It does not appear that *all* violations of any c. 209A order are criminalized. Section 3 authorizes the court to issue numerous other types of orders, such as ordering the defendant to pay temporary support for the plaintiff and ordering the defendant to pay the person abused monetary compensation for the losses suffered as a direct result of such abuse. The terms of § 7 do not encompass these latter types of orders.

[3]The order that the defendant is charged with violating is set forth on the form promulgated by the Trial Court of Massachusetts and states in pertinent part: "YOU ARE ORDERED NOT TO CONTACT THE PLAINTIFF in writing or otherwise . . . . and to stay at least 100 yards from the plaintiff . . . ." The defendant has clearly been informed that "no contact" includes staying away.

plaintiff is a violation of the order that he not "contact" her, and can be prosecuted pursuant to § 7.

The defendant argues that allowing violations of a "stay away" order to be prosecuted under § 7 will allow convictions for accidental or unintentional violations, and posits various hypotheticals as to how a defendant might unknowingly come within the proscribed distances set forth in an abuse prevention order. There is no merit to the argument. In connection with an alleged violation of a G. L. c. 209A order we have noted the "long-standing" common-law principle that, absent contrary indication from the Legislature, we assume that the Legislature did not intend " 'to make accidents and mistakes crimes.' " *Commonwealth* v. *Collier*, 427 Mass. 385, 388 (1998), quoting *Commonwealth* v. *Wallace*, 14 Mass. App. Ct. 358, 364 (1982). That principle suffices to address the defendant's proffered hypotheticals involving accidental, mistaken, or unknowing violations of the distance requirements of an abuse prevention order. Violations of a no contact order (including stay away provisions) may be prosecuted under § 7 because the Legislature has so provided.

Thus, we agree with the motion judge that § 7 limits to the offenses enumerated therein those actions that will constitute a criminal violation of G. L. c. 209A. See, to the same effect, *Commonwealth* v. *Stewart*, 52 Mass. App. Ct. 755, 758 n.2 (2001). But now that § 7 includes "no contact" orders it is clear to us that "stay away" orders are thereby encompassed.

The District Court order of dismissal is vacated and the matter is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*