After a jury-waived trial, the defendant was convicted of violating a G. L. c. 209A abuse prevention order. On appeal, he claims there was insufficient evidence to support his conviction. We affirm.
When evaluating sufficiency, the evidence must be viewed in the light most favorable to the Commonwealth with specific reference to the substantive elements of the offense. See Jackson v. Virginia, 443 U.S. 307, 324 n.16 (1979) ; Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). In this case, to establish the defendant's guilt of violating an abuse prevention order, the Commonwealth was required to establish that (1) a valid order pursuant to G. L. c. 209A was in effect on the date of the violation; (2) the defendant violated the order; and (3) the defendant had knowledge of the order. Commonwealth v. Silva, 431 Mass. 401, 403 (2000). Commonwealth v. Shangkuan, 78 Mass. App. Ct. 827, 829 (2011). See G. L. c. 209A, § 7. Where the term of the order allegedly violated was to have no contact with the victim, and where there is evidence that the alleged contact may have occurred by accident, or that it was incidental to a legitimate, lawful activity, the Commonwealth must also prove that the contact was neither accidental nor incidental to the defendant's legitimate and lawful activity. Commonwealth v. Shea, 467 Mass. 788, 794 (2014).
The defendant does not contest elements (1) or (3) above. Rather, he claims the evidence was insufficient to prove that he violated the abuse prevention order because the text messages he sent to the victim were incidental contact to his lawfully permitted communication regarding their daughter.[2] We disagree.
In the light most favorable to the Commonwealth, the defendant's initial texts to the victim on the day in question related to their daughter's birthday and a pool party. However, the defendant's texts then moved in a different direction and concerned postings on the victim's social media account. He texted the victim, "You better be careful what your people are saying on Facebook. You made again false accusations. And Wednesday-can't wait. I'm calling Tracy Post. This is bullshit." The victim replied with the query as to whether these texts had "anything to do with their daughter." The defendant responded, "Slander, lies, false information to your people. You lie about everything." The victim testified that these texts had nothing to do with their daughter. Indeed, it is more than a fair inference that these are threatening words, and the fact finder was justified in concluding they were not merely incidental to the defendant's restricted right of lawful contact. See Commonwealth v. Silva, supra at 198-199 (incidental contact required in order to effectuate father's right to speak to children by telephone did not permit father to violate terms of protective order by using abusive and threatening language toward his former wife). As such, the judge's guilty finding, amply supported by the Commonwealth's evidence, was justified.
Judgment affirmed.

The original order was modified to permit the defendant to contact his daughter on her cellular telephone or tablet, but only permitted him to contact the victim through electronic mail if that communication related to their daughter. It is agreed that the use of text messaging, rather than electronic mail, did not violate the order.