The defendant, David A. White, was convicted of two counts of abuse prevention order violation, G. L. c. 209A, § 7, for contacting his ex-girlfriend, Mary Smith (a pseudonym), via text messages on October 17 and 18, 2015. The defendant does not dispute that text messages from his telephone to Smith's were sent on those dates. He admits composing the October 17 message, which begins, "Hi. This is biggest risk that I could ever take," but denies sending it, arguing that it was sent by accident by a friend who was borrowing his telephone at the time and was technologically unsophisticated. Smith responded to this message with "Text 777," and the October 18 message from the defendant's telephone read, "What does 777 mean? I don't get it. I'm not your enemy." The defendant denies composing or sending the October 18 message, claiming that he knew what "777" meant and therefore would not have asked.
To prove a defendant guilty of violating an abuse prevention order, the Commonwealth must prove beyond a reasonable doubt:
"(1) that a court had issued an abuse [prevention] order; (2) that the order was in effect on the date when its violation allegedly occurred; (3) that the defendant knew the relevant terms of the order were in effect, either by having received a copy of the order or by having learned of the terms of the order in some other way; and (4) that the defendant violated a term of the order."
Commonwealth v. Shea, 467 Mass. 788, 794 (2014).
In addition, when the alleged violation is of a no contact order, and where there is evidence that the alleged contact may have occurred by accident, "the Commonwealth must prove beyond a reasonable doubt that the contact was not accidental." Ibid. On appeal, the defendant argues that the Commonwealth introduced insufficient evidence both to prove contact and to disprove accident.
In assessing the sufficiency of the evidence, we consider whether the evidence, viewed in the light most favorable to the Commonwealth, could satisfy a rational trier of fact of each element of the crime beyond a reasonable doubt. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). The evidence here-including the content of the messages and the number of them sent within a short period of time-was sufficient when viewed under the Latimore standard both to prove contact, and to disprove accident, beyond a reasonable doubt.
Judgments affirmed.