After a jury trial, the defendant, Charles A. Brown, was convicted of assault and battery on a family or household member.[2] The defendant appeals, arguing that the judge erred in admitting a recording of a 911 call made by the victim and challenging the omission of certain jury instructions. We affirm.
Background. In November, 2015, the defendant and the victim were dating. On November 17, 2015, while at the defendant's apartment, the defendant told the victim that he had had an intimate relationship with another woman. The victim began calling the defendant names and he punched her in the eye. The victim began to bleed from above her eye. The defendant grabbed the victim in the hallway, shook her and threw her on the bed in his bedroom, jumped on her back and "claw[ed]" at her, and again grabbed and pinned her to his bed.[3] The defendant took the victim's cellular telephone (cell phone) from her, after which he let her go and she left the apartment. The defendant then went outside and again grabbed the victim. He ultimately threw the victim's cell phone at her; she fled and telephoned 911.
The victim was treated that day for the following injuries: a cut above her eye for which she received six stitches, two fractured ribs, and bruising.
Discussion. 1. 911 call. The Commonwealth moved in limine to admit in evidence a recording of the victim's 911 call, representing that the victim would testify to the necessary foundation. The judge allowed the motion with the exception of a fifteen-second section of the call. At trial, the victim testified that she telephoned 911 while walking quickly away from the defendant. While continuing the 911 call, the victim boarded a bus. Another passenger gave the victim napkins to put on her face and began asking her questions. The victim was recorded as saying that her friend's neighbor, Charles Brown, jumped on the victim and started chasing her down the street. The victim testified at trial that she said this to her fellow passenger, not the 911 operator, because she "really didn't want nobody else in [her] business." On appeal, the defendant challenges the admission of the call, contending that it was not an excited utterance because part of the statement was false.
When the Commonwealth moved to introduce the call[4] in evidence, the judge asked defense counsel[5] if there was an objection; defense counsel replied that there was no objection. We review for error and, if established, whether that error created a substantial risk of a miscarriage of justice. See Commonwealth v. Randolph, 438 Mass. 290, 297 (2002). The failure to object here indicates a strategic decision. The defendant argued at trial that the victim was not credible and that she told multiple versions of what occurred. Defense counsel cross-examined the victim on her versions of what occurred, including what she herself stated on the 911 call. Defense counsel highlighted the inconsistencies in closing argument. In these circumstances, there is no error and therefore no risk of a miscarriage of justice. See id. at 298.
2. Direct and circumstantial evidence instruction. The defendant also argues that the omission of a jury instruction on direct and circumstantial evidence was error. The judge stated in conference with counsel that he would give the instruction, but omitted it when he charged the jury. The defendant contends that, because of the omission, the jury did not understand that they could infer that the victim lied about what occurred.
As there was no objection to the omission of the instruction, we review any error for a substantial risk of a miscarriage of justice.[6] See Commonwealth v. White, 452 Mass. 133, 139 (2008). We discern no such risk here as "we are not convinced that the error was 'of a type and seriousness which should lead us to reverse in the absence of a proper exception.' " Ibid., quoting from Commonwealth v. Keevan, 400 Mass. 557, 564 (1987). Here, the only evidence at trial was direct evidence. The jury were instructed to analyze the evidence before them and that they were to "determine which witnesses to believe and how much weight to give their testimony," and that they were "the sole judges of the credibility of the witnesses." Such instructions adequately instructed the jury that they were to consider the credibility and truthfulness of each witness.
3. Bowden instruction. The defendant also argues that the omission of an instruction pursuant to Commonwealth v. Bowden, 379 Mass. 472, 485-486 (1980), was an abuse of discretion.
" 'Bowden's only requirement' is that 'the judge ... not remove the inadequacy of the police investigation from consideration by the jury." Commonwealth v. Avila, 454 Mass. 744, 767 (2009), quoting from Commonwealth v. Williams, 439 Mass. 678, 687 (2003). A Bowden instruction is never required. Here, the judge explicitly stated that defense counsel could argue to the jury that the police investigation was inadequate. Defense counsel did argue that there was neither corroborating physical evidence nor eyewitness testimony to support the victim's testimony. The judge therefore did not abuse his discretion in declining to give the instruction.
4. Specific unanimity instruction. Lastly, the defendant argues that the judge erred in not providing, sua sponte, an instruction on specific unanimity when there was testimony about separate touchings in the hallway, the bedroom, and outdoors.
"[A] specific unanimity instruction indicates to the jury that they must be unanimous as to which specific act constitutes the offense charged." Commonwealth v. Shea, 467 Mass. 788, 798, (2014), quoting from Commonwealth v. Conefrey, 420 Mass. 508, 512 (1995). "An instruction on specific unanimity is warranted 'when, on a single charged offense, the prosecutor presents evidence of separate, discrete incidents, any one of which would suffice by itself to make out the crime charged. There, in order to find the defendant guilty of the charged offense, the jury must all agree as to at least one, specific incident.' " Shea, supra, quoting from Commonwealth v. Santos, 440 Mass. 281, 284-285 (2003). "However, '[w]hen a single count is charged and where the spatial and temporal separations between acts are short, that is, where the facts show a continuing course of conduct, rather than a succession of clearly detached incidents, a specific unanimity instruction is not required.' " Shea, supra, quoting from Santos, supra at 285. In the circumstances of this case, we discern no error.
Judgment affirmed.

The jury found the defendant not guilty of strangulation.

The victim also testified that the defendant "chok[ed]" her.

An annotated copy of the transcript of the 911 call indicates that the jury heard a portion of the call.

The defendant was represented at trial by one attorney and two student practitioners. We refer to them collectively to avoid confusion.

At the close of the jury charge, the judge asked to see counsel at sidebar. The sidebar conversation was not preserved in the transcript. The defendant does not suggest that counsel objected at sidebar and agrees on appeal that any error is reviewed for a substantial risk.