The defendant, Henry Fickling, appeals from his conviction of violating an abuse prevention order, G. L. c. 209A, § 7, based on his presence in the library of Springfield Technical Community College (STCC). The victim and the defendant were involved in a six-year relationship that ended in 1996. The victim obtained an abuse prevention order that was made permanent in 2011. This order expressly states, without qualification, that the defendant is "ordered to stay away from the plaintiff's workplace located at STCC library, One Armory Square."
Based on the evidence presented at trial, the jury were warranted in finding that on April 28, 2015, the defendant was inside the library, sitting at one of the public computers. On that day, the victim, who obtained the restraining order and who was employed by the library, was in Hartford, Connecticut, visiting her severely ill sister. Shawn DeJong, chief of campus police, was informed that the defendant was inside the library in violation of an abuse prevention order. Chief DeJong responded to the library building, located the defendant, escorted the defendant from the building, and placed him under arrest. The defendant was informed that he was being arrested because he was in a location where he was not permitted to be under the terms of the abuse prevention order. A copy of the permanent abuse prevention order was admitted in evidence.
The defendant testified at trial that after his relationship with the victim ended, an abuse prevention order issued against him. On direct examination, he testified that his understanding of the order was that he was not permitted to contact the victim, and to stay away from the library while the victim was at work. On the day in question, at approximately 2 P . M ., the defendant was on the campus of STCC as he was attempting to re-enroll to complete the course of studies he began in 1996. He acknowledged that he had filed a motion to modify the abuse prevention order and that his motion was scheduled to be heard at 9 A . M . that day, but by mistake his social worker told him he had a morning doctor's appointment. After missing the court hearing, he decided to go to STCC to address an outstanding bill. He testified that he went to the financial aid office across the street from the library and was informed that he had to check his financial aid status on the school's Web site. He decided to go to the library to use the free computers. He also testified that he assumed the victim would not be working at the library that day but instead would be in court for the scheduled hearing.
On cross-examination, the defendant admitted that he received a copy of the abuse prevention order on December 11, 2011. When pressed about its terms, the defendant indicated that he was ordered not to contact the victim, but understood he was to stay away from the library only when she was working there.
On appeal, the defendant does not challenge whether the evidence presented by the Commonwealth was sufficient to support the jury's verdict. Furthermore, the defendant does not challenge the judge's basic instruction in which he explained the four elements that the Commonwealth is required to prove to establish a violation of G. L. c. 209A, § 7.[2] Instead, the defendant cites Commonwealth v. Collier, 427 Mass. 385 (1998), and argues that the judge erred by not instructing the jury on the defense of accidental or incidental contact. In Collier, the Supreme Judicial Court reiterated its holding in Commonwealth v. Delaney, 425 Mass. 587, 595-597 (1997), that to prove a violation of G. L. c. 209A, § 7, the Commonwealth is not required to prove that the defendant intended to violate the order. See Collier, supra at 388. In Collier, the court also explained that when the crime in question involves an act that the defendant is prohibited from doing, the Commonwealth must prove that the defendant intended to do the act that constitutes the crime.[3] See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 389. However, this was not a case in which there was a factual dispute over whether the defendant intended to enter the library. The only evidence before the jury was that the defendant entered the library on the day in question voluntarily and not under duress or by accident.[4] The defendant also seeks to draw support from Commonwealth v. Shea, 467 Mass. 788, 794 (2014), arguing that even if an abuse prevention order forbids a person to be in a specific location, if he is there for a lawful purpose he would be excused from all but nonincidental contact with the victim. Setting aside the fact that the defendant did not raise this issue below, nothing in the Shea case supports the defendant's argument. The defense of mistaken or accidental contact arises in connection with an alleged violation of the no-contact provision of an abuse prevention order. In this case, the defendant was charged with violating the provision of the order that stated he must "stay away from the plaintiff's workplace located at STCC library, One Armory Square." The only intent requirement that the Commonwealth was required to prove was that the defendant intended to enter the library on the day in question.
Judgment affirmed.

"To prove a defendant guilty of such a violation, the Commonwealth must prove four elements beyond a reasonable doubt: (1) that a court had issued an abuse protection order; (2) that the order was in effect on the date when its violation allegedly occurred; (3) that the defendant knew the relevant terms of the order were in effect, either by having received a copy of the order or by having learned of the terms of the order in some other way; and (4) that the defendant violated a term of the order." Commonwealth v. Shea, 467 Mass. 788, 794 (2014).

In particular, the court stated that, " '[w]here the definition of a crime requires some forbidden act by the defendant, his bodily movement, to qualify as an act, must be voluntary. To some extent, then, all crimes of affirmative action require something in the way of a mental element -- at least an intention to make the bodily movement which constitutes the act which the crime requires.' ... In this case, the jury could have found that the defendant was aware of the protective order, but that the Commonwealth failed to prove that he intended that the car take a route that might violate the order. Where the evidence fairly raises an issue as to the defendant's intent either to direct, or acquiesce in, conduct of a third party, there must be proof that the defendant at least intended the act that resulted in the violation. Accordingly, in those comparatively rare situations where a third party is involved in the act that results in the violation, to obtain a conviction under G. L. c. 209A, § 7, the Commonwealth is required to prove beyond a reasonable doubt an intentional act by the defendant which led to the violation of the c. 209A order." Collier, 427 Mass. at 389, quoting 1 W. LaFave & A.W. Scott, Jr., Substantive Criminal Law § 3.5(e), at 314 (1986).

In fact, during the charge conference, the judge considered and rejected the need to instruct the jury on the defense of accidental or incidental contact. Defense counsel voiced no objection.