COMMONWEALTH *vs.* JOSEPH M. BUTLER. No. 95-P-950. February 22, 1996. *Abuse Prevention. Due Process of Law,* Vagueness of order. *Words,* "Contact."

On October 30, 1994, a judge of the Waltham District Court, acting under G. L. c. 209A (Abuse Prevention), extended an existing restraining order against the defendant, Joseph Butler, for a period of one year, ending on October 30, 1995. The order read in part: "You are ordered not to contact [Ann Caruso] either in person, by telephone, in writing, or otherwise, either directly or through someone else."[1] On December 15, Caruso reported to the police that the defendant had violated the order. Robert Corazzini, a Watertown police officer, upon investigation, swore a complaint on December 21, 1994, against the defendant. At arraignment, the defendant pleaded not guilty.

The complaint came on to be tried at Cambridge District Court on February 3, 1995, before a judge and jury of six. Caruso testified that, arriving at her apartment in Watertown on December 15, 1994, she found a ticket attached to the door saying that roses had been delivered to her address; a neighbor had taken the flowers, and Caruso retrieved them. The card accompanying the roses gave the sender's name as "requested withheld." Guessing that the defendant was the sender, Caruso called the florist, and in conversation with the person there, Joanna Roush, confirmed an identification. Roush, testifying, identified the defendant in court as the sender. In ordering the flowers to be delivered to Caruso's address, the defendant said she was his former girlfriend, they had had an argument, and it was her birthday. He used cash, would not give his name, address, or telephone number, and wanted no name on the card.

The judge denied the defendant's motion at the close of the Com-

---

[1]See the authority for no-contact orders in G. L. c. 209A, § 3(*b*); see also § 7, second par.

monwealth's case for a required finding of not guilty, and the defendant rested. The jury received the case under proper instructions and brought in a verdict of guilty, on which judgment entered.

The defendant argues on appeal, as he did below, that the order of October 30, 1994, in particular the word "contact," was unconstitutionally vague. Due process requires clarity of expression with the purpose of giving a person of ordinary intelligence a reasonable opportunity to know what the order prohibited, so that he might act accordingly; and with the further purpose of enabling a putative enforcer of the order to apply it without discrimination. See *Grayned* v. *Rockford*, 408 U.S. 104, 108-109 (1972). See also *Commonwealth* v. *Williams*, 395 Mass. 302, 303-304 (1985); *Commonwealth* v. *Jasmin*, 396 Mass. 653, 655 (1986).[2] The present order satisfied the constitutional command. The meaning of the sweeping negative "no contact," emphasized still more by the "either" clauses, seems plain without need for any refined lexical exploration. The defendant's acts were within the prohibited circle: he acted "otherwise" than in person, by telephone, or in writing; "through someone else" rather than directly; but he achieved a communication with Caruso amounting to "contact." His profession of anonymity merely invited inquiry.[3]

The present case fits well with *Commonwealth* v. *Gordon*, 407 Mass. 340, 345-348 (1990), interpreting a restraining order based on the words "vacate the household" appearing in c. 209A. The case is different from *Commonwealth* v. *Kwiatkowski*, 418 Mass. 543, 547 (1994), characterizing as vague on its face the portion of the "stalking" statute regarding "harassing" conduct (see G. L. c. 265, § 43[a],[d]).

*Judgment affirmed.*

· *James G. Lavery* for the defendant.

*Yvonne R. Bellefontaine*, Assistant District Attorney, for the Commonwealth.

---

[2]"We have never said . . . that the Constitution of the Commonwealth establishes a stricter standard for testing vagueness than does the Constitution of the United States." *Commonwealth* v. *Jasmin*, 396 Mass. at 655.

[3]Protestations of "nonhostile intent" or "a desire to make amends" are quite irrelevant to the enforcement of a no-contact order. Compare *Commonwealth* v. *Tate*, 34 Mass. App. Ct. 446, 449 (1993) (no contact as a condition of probation).