COMMONWEALTH *vs.* SALVATORE BASILE. No. 98-P-53. July 15, 1999. *Abuse Prevention.*

Salvatore Basile, the defendant, was convicted by a jury of six of violating an abuse prevention order, G. L. c. 209A, § 7, and sentenced to one year in a house of correction. He challenges the denial of his motion for a required finding of not guilty, Mass.R.Crim.P. 25(a), 378 Mass. 896 (1979). We affirm.

The evidence[1] in the light most favorable to the Commonwealth, *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), supported finding facts as follows. The defendant was served in hand with an abuse prevention order, is-

---

[1]The Commonwealth called Dawn Tippett, the defendant's former girlfriend and the person who sought the abuse protection order, and Albert Sullivan, a percipient witness and friend of Tippett. The defendant was the only defense witness.

sued on the authority of G. L. c. 209A, §§ 3 and 4, on September 30, 1996. The defendant was ordered, among other things, not to contact Dawn Tippett, to stay at least fifty yards from her, and to "stay away from" 271 Rindge Avenue, the address of Tippett's boyfriend. One day later, on October 1, 1996, the defendant appeared at 40 Jackson Street, one block or more down the street from 271 Rindge Avenue. Tippett saw him there. The defendant jumped in the air and waved his arms while Tippett was unloading goods acquired on a shopping trip. Tippett was frightened and went into the house.

The defendant's story was that 40 Jackson Street is where his then-current girlfriend lived. He claimed to be there innocently playing hacky-sac, a group game involving a small beanbag-type ball which is kicked in the air. That testimony, if believed, would explain why the defendant was waving his arms and hopping about.[2] The defense also sought to show that the distance between 271 Rindge Avenue and 40 Jackson Street is more than fifty yards, the distance the defendant was required to stay away from Tippett.

The jury were given a special verdict form designed to ensure that any verdict would be a unanimous decision that the defendant had violated one of the restrictions in the 209A order. It read:

"If you find the defendant guilty, please specify:

( ) By violating the no contact provision.

( ) By violating the provision requiring him to remain away from [271 Rindge Avenue].

( ) By being within 50 yards of the plaintiff."

The jury returned a verdict of guilty of violating two conditions of the abuse prevention order, having checked off the first two choices. On appeal, the defendant argues that the evidence was insufficient to convict him on either premise. We decide that the evidence was sufficient for the jury to convict the defendant of the crime based on a violation of the no contact provision and do not reach the other issue raised, namely, whether the condition that he "stay away" from 271 Rindge Avenue was insufficiently precise to satisfy due process requirements. Compare *Commonwealth* v. *Tate*, 34 Mass. App. Ct. 446, 450 (1993) (one conceded contact was enough to establish a violation of a no-contact condition of defendant's probation).

The elements of the crime of violating a c. 209A abuse prevention order are (1) the existence of an order in effect at the time of the alleged violation; (2) the defendant's knowledge of the terms of the order; and (3) a violation of the terms of the order. See *Commonwealth* v. *Delaney*, 425 Mass. 587, 595-597 (1997). The first two elements were essentially conceded by the defense at trial.[3] As to whether the defendant violated the "no contact" restriction, the testimony that he jumped up and down and waved upon seeing the victim, if believed, was adequate. Our cases generally interpret "contact" broadly; there are many ways to achieve a communication. See *Commonwealth* v. *Butler*, 40

---

[2]Sullivan testified that he did not see a hacky-sac.

[3]The defendant admitted receiving the order in hand the night before the alleged contact. That is sufficient proof of his actual or constructive knowledge of its terms. See *Commonwealth* v. *Crimmins*, 46 Mass. App. Ct. 489, 491 (1999). Compare *Commonwealth* v. *Delaney*, 425 Mass. at 590-591.

Mass. App. Ct. 906, 907 (1996) (sending flowers anonymously considered a contact); *Commonwealth* v. *Russell*, 46 Mass. App. Ct. 307, 309-310 (1999) (asking friend to call victim and request that she accept defendant's collect calls); *Commonwealth* v. *Crimmins*, 46 Mass. App. Ct. 489, 490 (1999) (following victim's car). Compare *Commonwealth* v. *Tate*, 34 Mass. App. Ct. at 449-450 (looking at victim from down the street violated "no contact" condition of probation). Whether the defendant meant to contact Tippett or was merely playing hacky-sac is a question about the weight of the evidence that was correctly reserved for the jury. See *Commonwealth* v. *Russell*, 46 Mass. App. Ct. at 311-312.

*Judgment affirmed.*

*Jean C. LaRocque* for the defendant.

*Michael Adam Chinman*, Assistant District Attorney, for the Commonwealth.