STATE of Minnesota, Respondent,

v.

James William EGGE, Appellant.

No. C3–99–1415.

Court of Appeals of Minnesota.

June 13, 2000.

Mike Hatch, Attorney General, Robert A. Stanich, Assistant Attorney General, St. Paul, MN; and Mark Steffan, Jackson County Attorney, Jackson, MN (for respondent).

John M. Stuart, State Public Defender, Susan J. Andrews, Assistant Public Defender, Minneapolis, MN (for appellant).

Considered and decided by SHUMAKER, Presiding Judge, CRIPPEN, Judge, and KLAPHAKE, Judge.

## OPINION

CRIPPEN, Judge

The issue in this case arises in the context of a felony accusation of harassment, premised on the occurrence of two underlying wrongful acts, one act being the violation of a prior restraining order. Concluding that the evidence is sufficient to find appellant violated the restraining order by instigating the harassment of S.B. by third-party contact, we affirm.

## FACTS

In October 1997, a restraining order was issued prohibiting appellant from contacting or harassing S.B. In April 1998, appellant applied for a life insurance policy and named S.B. as a beneficiary. Appellant provided his life insurance agent with S.B.'s phone number and directed the agent to call S.B. to get information needed for the policy application. Appellant does not dispute the significant nature of

the harassment thereby occurring but challenges whether this contact was prohibited by a restraining order that did not specifically mention contact initiated by appellant and completed by a third party.

## ISSUE

Is the evidence sufficient to conclude that appellant violated the restraining order?

## A N A L Y S I S

When reviewing a challenge to the sufficiency of the evidence, this court reviews the record to determine if "the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did." *State v. Harris*, 589 N.W.2d 782, 791 (Minn.1999) (quotation omitted). We assume that "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *Id.* (quotation omitted). Our review is limited to determining whether the jury, giving due regard to the presumption of innocence and the state's burden of proof beyond a reasonable doubt, "could reasonably conclude that the defendant was guilty based on the facts in the record and any legitimate inferences therefrom." *Id.* (quotation omitted).

The evidence is sufficient for the jury to have concluded that appellant violated the restraining order. His instigation of an act of harassment is thoroughly demonstrated, as appellant gave the agent S.B.'s phone number, directed him to call S.B. on his behalf, and knew the agent would call S.B.

Minn.Stat. § 609.748, subd. 8, requires that a restraining order include a "conspicuous notice" of the "specific conduct that will constitute a violation of the order." Minn.Stat. § 609.748, subd. 8(1) (1998). While nothing in the restraining order in this case specifically mentioned contact instigated by appellant and completed by a third party, the order nonethe-less required appellant have "no contact with" and "not harass" S.B. There is no less significance or special significance to the contact simply because it was completed by a third party after being instigated or initiated by appellant. By instigating and initiating such contact, appellant violated the restraining order that prohibited him from contacting or harassing S.B.

## D E C I S I O N

The evidence was sufficient for the jury to conclude appellant violated the restraining order by instigating contact with S.B. through a third party.

**Affirmed.**