**STATE of Minnesota, Respondent,**

v.

**Aaron Bobby PHIPPS, Appellant.**

No. A11–1795.

Court of Appeals of Minnesota.

Sept. 17, 2012.

Lori Swanson, Attorney General, St. Paul, MN; and Jessie L. Sogge, Rajkowski Hansmeier Ltd., St. Cloud, MN, for respondent.

Jenny Chaplinski, Special Assistant Public Defender, St. Cloud, MN, for appellant.

Considered and decided by LARKIN, Presiding Judge; JOHNSON, Chief Judge; and CONNOLLY, Judge.

## OPINION

JOHNSON, Chief Judge.

Aaron Bobby Phipps was charged with violating an *ex parte* order for protection that prohibited him from having any contact with his estranged wife. Phipps moved to dismiss the charge on the ground

that the order is void because it is unconstitutionally vague. The district court denied the motion. We conclude that the order is not void because its "no contact" provision is not unconstitutionally vague. Therefore, we affirm.

## FACTS

On May 25, 2010, Y.S.P petitioned the Hennepin County District Court for an order for protection (OFP) against her husband, Phipps. The following day, the district court issued an *ex parte* order, which provided three forms of temporary relief to Y.S.P. First, in paragraph 1, the OFP stated that Phipps "is hereby restrained and enjoined from committing any act of physical harm, bodily harm, bodily injury, assault or the infliction of fear of imminent physical harm, bodily injury or assault against the Petitioner or any minor child/ren living with the Petitioner." Second, in paragraph 2, the OFP stated that Phipps "is excluded from the family home at Safe Place and all future residences of the Petitioner." And third, in paragraph 7, the OFP stated that "the following additional relief is granted: **No contact in person, by phone, by mail, by third party, or by any other means.**"

Immediately below paragraph 7, the OFP provided some explicit warnings to Phipps, including the following:

**NOTICE TO RESPONDENT:**
**A police officer must arrest you and take you to jail if the police officer believes you have violated this order and must hold you in jail for at least 36 hours unless you are released by a judge.**
**Violation of this order may be treated as a misdemeanor, gross misdemeanor, or felony. A misdemeanor violation may result in a sentence of up to 90 days in jail and/or a fine of up to $700.00. Some repeat violations are gross misdemeanors which may result in a sentence of up to one year in jail and/or a fine of up to $3,000.00. Other violations are felonies and may result in a sentence of imprisonment for up to ten years and/or a fine of up to $20,000.00 . . . .**

On June 1, 2010, a Stearns County deputy sheriff served the *ex parte* order on Phipps at his home in the city of Cold Spring.

The Hennepin County District Court's *ex parte* order set the matter for a hearing on June 3, 2010. The record suggests that Phipps appeared for the hearing but that Y.S.P. left the courthouse before the hearing began. The district court rescheduled the hearing for June 17, 2010. For unknown reasons, the district court dismissed the petition on June 17.

Meanwhile, while the *ex parte* OFP was in force, Phipps was arrested and charged with violating it. On Saturday, June 5, 2010, a Cold Spring police officer saw Y.S.P. leaving Phipps's home at approximately 8:00 p.m. The officer was aware of the OFP and approached Y.S.P. to question her. Y.S.P. stated that Phipps was inside the home. The officer investigated further by speaking with Phipps, who stated that Y.S.P. and their children were present when he came home from work that morning. Phipps also stated that he did not know that he was not permitted to see Y.S.P. or their children. The officer arrested Phipps and transferred him to the Stearns County jail.

On Monday, June 7, 2010, the state charged Phipps with the misdemeanor offense of violating an OFP. *See* Minn.Stat. § 518B.01, subd. 14(a) (2008). In May 2011, Phipps moved to dismiss the charge on the ground that the OFP is void because it is unconstitutionally vague. Specifically, Phipps argued that the order did not give him adequate notice of the con-

duct that was prohibited because the order did not expressly state that he was prohibited from having contact with Y.S.P. even if she initiates contact. In June 2011, the district court denied the motion, reasoning that the plain meaning of the word "contact" was sufficient to put Phipps on notice of the conduct that is prohibited by the order.

In July 2011, the district court conducted a stipulated-evidence court trial pursuant to Minn. R.Crim. P. 26.01, subd. 4. Before trial, the parties stipulated that Phipps was preserving for appellate review the district court's pre-trial ruling on his motion to dismiss. The parties also stipulated to the admission of the *ex parte* OFP, the police report of the June 5, 2010 incident, and the citation that was issued to Phipps. The district court found that there was an OFP, that Phipps knew of the OFP, and that Phipps violated the OFP. Accordingly, the district court found Phipps guilty. The district court imposed a sentence of 90 days in jail but stayed 85 days of the jail term for two years. Phipps appeals.

## ISSUE

Is the "no contact" provision in the *ex parte* order for protection unconstitutionally vague and, thus, void on the ground that the order did not expressly state that Phipps shall have "no contact" with Y.S.P. even if she first contacts him?

## ANALYSIS

Phipps argues that the district court erred by denying his motion to dismiss the charge on the ground that the OFP is void because it is unconstitutionally vague. More specifically, Phipps argues that the *ex parte* OFP did not give him adequate notice of the conduct that was prohibited because the order did not expressly state that it prohibits contact even if Y.S.P. initiates contact with him.[1]

### A.

■ The United States Constitution provides that a person shall not be deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. The Minnesota Constitution contains a similar provision. Minn. Const. art. I, § 7. It is well established that the right to due process includes the right to not be convicted and punished based on an unconstitutionally vague statute. *See State v. Newstrom*, 371 N.W.2d 525, 528 (Minn.1985); *Dunham v. Roer*, 708 N.W.2d 552, 567 (Minn.App.2006), *review denied* (Minn. Mar. 28, 2006). "The void-for-vagueness doctrine requires that 'a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *State v. Bussmann*, 741 N.W.2d 79, 83 (Minn.2007) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)).

■ In the cases cited above, the courts considered whether a particular criminal statute should be declared void on the ground that it was unconstitutionally vague. It appears that neither the United States Supreme Court nor the Minnesota

---

1. The state did not argue that Phipps's constitutional challenge is barred on the ground that it is an impermissible collateral attack because he did not appeal from the issuance of the *ex parte* order. *See State v. Romine*, 757 N.W.2d 884, 890–91 (Minn.App.2008), *review denied* (Minn. Feb. 17, 2009). It is un-

clear whether Phipps had an opportunity to appeal from the issuance of the *ex parte* OFP. Thus, it is unclear whether Phipps could be precluded from challenging the constitutionality of the *ex parte* OFP following his conviction for violating that order. *See State v. Ness*, 819 N.W.2d 219 (Minn.App.2012).

Supreme Court has considered whether a court order that is the basis of a subsequent criminal conviction may be declared void on the ground that it is unconstitutionally vague. Courts in other states, however, have applied the void-for-vagueness caselaw to orders that are similar to the *ex parte* OFP in this case. *See, e.g., Pastos v. State*, 194 P.3d 387, 393 (Alaska 2008) (interpreting protective order); *Commonwealth v. Butler*, 40 Mass.App.Ct. 906, 661 N.E.2d 666, 667 (1996) (interpreting restraining order); *Peters–Riemers v. Riemers*, 624 N.W.2d 83, 89 (N.D.2001) (interpreting domestic-violence protection order). It is logical to apply the same body of caselaw in this type of case because an OFP, in the same manner as a criminal statute, proscribes certain conduct that may be punished by criminal proceedings. Accordingly, Phipps has a right under the Due Process Clause to not be convicted and punished based on an unconstitutionally vague OFP.

### B.

We proceed to analyze whether the *ex parte* OFP that was served on Phipps and is the basis for his prosecution and conviction is unconstitutionally vague.

■ The district court's order finding Phipps guilty is based on paragraph 7 of the *ex parte* OFP, which states: "IT IS FURTHER ORDERED that the following additional relief is granted. **No contact in person, by phone, by mail, by third party, or by any other means.**" The phrase "no contact" is clear and understandable. The common meaning of the word "contact" is "[a] coming together or touching, as of objects or surfaces," "[t]he state or condition of touching or of immediate proximity," or "[c]onnection or interaction; communication." *The American Heritage College Dictionary* 299 (3d ed.2000). Paragraph 7 clearly states that *all* contact

is prohibited. In context with paragraphs 1 and 2, it is obvious that Phipps is prohibited from having contact with Y.S.P. When faced with a challenge to a similar restraining order, the Massachusetts Court of Appeals concluded that "[t]he meaning of the sweeping negative 'no contact' . . . seems plain without need for any refined lexical exploration." *Butler*, 661 N.E.2d at 667.

■ Phipps contends that the OFP is vague because it does not expressly state that it prohibits contact even if Y.S.P. first contacts him. In fact, the order *does* prohibit contact in that situation; it does so because, without qualification or exception, it says that Phipps shall have no contact with Y.S.P. Phipps's real concern may be the breadth of the no-contact provision. But breadth does not imply vagueness. If anything, the breadth of paragraph 7 undermines Phipps's vagueness argument because the unqualified nature of the no-contact provision makes it clear that no contact whatsoever is permitted. We need not consider whether a person may be convicted of violating an OFP if the person is completely passive when confronted with a petitioner's contact and does not reciprocate the petitioner's first contact. Phipps cannot make such a claim because he apparently spent an entire day with Y.S.P. at his home.

We conclude that the language of paragraph 7 has "sufficient definiteness" such that "ordinary people can understand what conduct is prohibited.'" *Bussmann*, 741 N.W.2d at 83 (quoting *Kolender*, 461 U.S. at 357, 103 S.Ct. at 1858). Thus, the no-contact provision of paragraph 7 is not unconstitutionally vague.

### DECISION

The "no contact" provision in the *ex parte* order for protection is not void on the ground that it is unconstitutionally

vague. Therefore, the district court did not err by denying Phipps's motion to dismiss.

**Affirmed.**