*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0067**

State of Minnesota,
Respondent,

vs.

Lori Elaine Christensen,
Appellant.

**Filed November 24, 2014
Reversed and remanded; motion denied
Johnson, Judge**

Ramsey County District Court
File No. 62-CR-12-4130

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter Marker, Assistant County Attorney (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Hooten, Presiding Judge; Johnson, Judge; and

Klaphake, Judge.*

_____

        *Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**JOHNSON**, Judge

Lori Elaine Christensen pleaded guilty to violating a harassment restraining order. She later moved to withdraw her guilty plea, but the district court denied the motion. We conclude that the guilty plea is invalid because there is not a sufficient factual basis for the conclusion that Christensen violated the harassment restraining order. Therefore, we reverse and remand.

## FACTS

This appeal arises from Christensen's pattern of harassment toward a neighboring family in the city of White Bear Lake. Christensen lived across a cul-de-sac from the family. Beginning in July 2009, the family made several reports to law enforcement that Christensen intentionally targeted them with harassing conduct and messages. For example, the family complained that Christensen posted large, hand-painted signs on her garage that ridiculed the family, directed rude gestures toward the family, and yelled or sung insults at the family.

In April 2010, the family obtained a harassment restraining order (HRO) against Christensen, which was effective for two years. In February 2011, Christensen pleaded guilty to two misdemeanor violations of this HRO. In October 2011, Christensen pleaded guilty to one felony violation of this HRO.

In May 2012, the family obtained a second HRO against Christensen. On May 19, 2012, Christensen pointed a videocamera at the family's house and recorded the outside

of the house, their front yard, and their vehicle. The family observed Christensen with the videocamera and contacted police.

Three days later, the state charged Christensen with two counts of aggravated stalking, in violation of Minn. Stat. § 609.749, subds. 4(b), 2(1), 2(2) (2012), and one count of violating a restraining order, in violation of Minn. Stat. § 609.748, subd. 6(d)(1) (2012).

In July 2013, Christensen pleaded guilty to the third count, violating the HRO. During the plea hearing, she explained that she placed her videocamera on her front steps to protect herself while she was mowing her front lawn. She admitted that the video-recording included images of the neighboring family's house, front yard, and vehicle.

In August 2013, before sentencing, Christensen moved to withdraw her guilty plea. The district court denied the motion. Christensen appeals.

**D E C I S I O N**

**I. Motion to Strike**

Initially, we must resolve a procedural matter. After the state served and filed its responsive brief, Christensen moved to strike the portion of the state's appendix that contains a copy of the May 2012 HRO that she was alleged to have violated. Christensen also moved to strike the portions of the state's responsive brief that refer to the May 2012 HRO. Christensen contends that the May 2012 HRO should not be part of the appellate record because it was not part of the district court record. The state concedes that the May 2012 HRO is not part of the district court record, but contends that this court should

3

take judicial notice of the order because it was issued in a related civil proceeding and because the parties do not dispute the accuracy of the document.

"The documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases." Minn. R. Civ. App. P. 110.01. In a criminal case, "The record on appeal consists of the papers filed in the district court, the offered exhibits, and the transcript of the proceedings, if any." Minn. R. Crim. P. 28.02, subd. 8. An appellate court, however, may take judicial notice of a document that is not part of the district court record. *Dept. of Highways v. Halvorson*, 288 Minn. 424, 430, 181 N.W.2d 473, 476 (1970). Specifically, this court may take judicial notice of a district court order that was issued in a related proceeding. *Smisek v. Commissioner of Pub. Safety*, 400 N.W.2d 766, 768 (Minn. App. 1987). We may take judicial notice if the fact to be noticed is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Minn. R. Evid. 201.

In this case, the May 2012 HRO is a district court order that was issued by the same district court in a civil action in which Christensen and the family were parties. The May 2012 HRO is referenced in the criminal complaint that commenced this criminal action. The parties do not question the accuracy of the document that is appended to the state's brief. In the course of appellate review, this court has found the May 2012 HRO to be useful in resolving the issues raised by the appeal. Thus, we will take judicial notice of the HRO and deny Christensen's motion to strike.

4

## II. Motion to Withdraw Guilty Plea

Christensen argues that the district court erred by denying her motion to withdraw her guilty plea.

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). Rather, a defendant may be entitled to withdraw a guilty plea in two circumstances. First, the district court must allow a defendant to withdraw a guilty plea at any time if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. Second, the district court may allow a defendant to "withdraw a plea at any time before sentence if it is fair and just to do so." *Id.*, subd. 2. Christensen relies on both of these provisions in arguing that the district court erred by denying her motion. She first invokes the manifest-injustice standard to argue that withdrawal is required on the ground that her guilty plea is invalid because the record of the plea hearing does not contain a factual basis from which the district court could conclude that she violated the May 2012 HRO.

We begin by analyzing Christensen's first argument. To satisfy the manifest-injustice standard, Christensen must show that her guilty plea is invalid. *See State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). For a guilty plea to be valid, it "must be accurate, voluntary and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). As the supreme court has explained,

> The accuracy requirement protects the defendant from pleading guilty to a more serious offense than he or she could be properly convicted of at trial. The voluntariness requirement insures that the guilty plea is not in response to improper pressures or inducements; and the intelligent

5

> requirement insures that the defendant understands the charges, his or her rights under the law, and the consequences of pleading guilty.

*Alanis v. State*, 583 N.W.2d 573, 577 (Minn. 1998) (citations omitted). If a guilty plea fails to meet any of these three requirements, the plea is invalid. *Theis*, 742 N.W.2d at 650.

Christensen's first argument goes to the accuracy of her guilty plea. As a general rule, a guilty plea is inaccurate if it is not supported by an adequate factual basis. *Ecker*, 524 N.W.2d at 716. An adequate factual basis exists if there are "sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which [she] desires to plead guilty." *Munger v. State*, 749 N.W.2d 335, 338 (Minn. 2008) (quotations omitted). This court applies a *de novo* standard of review to a determination that a guilty plea is valid. *Raleigh*, 778 N.W.2d at 94.

Christensen pleaded guilty to violating a restraining order. The applicable statute provides that a person is guilty of a felony if the person violates an HRO "within ten years of the first of two or more previous qualified domestic violence-related offense convictions." Minn. Stat. § 609.748, subd. 6(d)(1). Christensen does not dispute that she had the requisite prior convictions; she contends only that her conduct on May 19, 2012, does not constitute a violation of the HRO. To establish that she is guilty of violating the HRO, the factual record must show that Christensen knowingly violated the order. Minn. Stat. § 609.748, subd. 6(d); *see also State v. Gunderson*, 812 N.W.2d 156, 160 (Minn. App. 2012) (holding that "person acts knowingly" if she "is aware that it is practically

6

certain that [her] conduct will cause such a result"), *superseded by statute*, Minn. Stat. § 609.748, subd. 6(d) (Supp. 2013).

In arguing that an adequate factual basis exists, the state relies on the following provision of the May 2012 HRO:

> The following conduct is a violation of this order if an Order For Relief is granted: *Any contact with the protected person(s), direct or indirect*, any visits to or phone calls to the protected person(s), threats or assaultive behavior to the protected person(s), damaging or stealing property belonging to the protected person(s), breaking into and entering the Petitioner's or minor child's residence, taking pictures of a protected person without permission of the Petitioner . . . .

(Emphasis added.) The state contends that Christensen violated the highlighted provision of the HRO because she video-recorded the family's house, front yard, and vehicle. Specifically, the state contends that Christensen indirectly contacted the family by video-recording their real and personal property. At oral argument, the state conceded that Christensen's videocamera did not actually record any member of the family, and the state disavowed any reliance on the provision that prohibited Christensen from "taking pictures" of the family. Thus, the issue for this court is whether Christensen's act of video-recording the outside of the family's house, front yard, and vehicle constitutes indirect contact with one or more of the members of the family. If so, there is an adequate factual basis for Christensen's guilty plea; if not, there is not an adequate factual basis for the plea.

In the context of an HRO or order for protection, "contact" with another person means "'[a] coming together or touching, as of objects or surfaces,' '[t]he state or

7

condition of touching or of immediate proximity,' or '[c]onnection or interaction; communication.'" *State v. Phipps*, 820 N.W.2d 282, 286 (Minn. App. 2012) (quoting *The American Heritage College Dictionary* 299 (3d ed. 2000)). This court's caselaw recognizes that if an HRO prohibits "contact," the person restrained by the HRO may not cause a third person to act as an intermediary by engaging in contact with a protected person. *See State v. Egge*, 611 N.W.2d 573, 575 (Minn. App. 2000). By using the phrase "direct or indirect" in the HRO in this case, the issuing district court made it very clear that Christensen was prohibited from engaging in indirect contact with any member of the neighboring family. The ordinary meaning of the word "indirect" is "[d]iverging from a direct course; roundabout" or "[n]ot proceeding straight to the point or object." *The American Heritage Dictionary of the English Language* 894 (5th ed. 2011). By prohibiting Christensen from engaging in direct or indirect contact with the family, the May 2012 HRO prohibited her from making direct contact with the family and from causing a third person to make contact with the family. *See Hunter v. State*, 883 N.E.2d 1161, 1162 (Ind. 2008) (interpreting probation condition prohibiting "indirect contact . . . via third parties").

At the plea hearing, Christensen admitted only that she video-recorded the neighboring family's house, yard, and vehicle from her own front yard. The record of the plea hearing does not indicate that, in doing so, Christensen video-recorded any member of the family, was in the immediate proximity of any member of the family, or engaged in any interaction or communication with any member of the family. *See Phipps*, 820 N.W.2d at 286. Likewise, the record of the plea hearing does not indicate that

Christensen caused a third person to engage in contact with a member of the family. *See Egge*, 611 N.W.2d at 575. Thus, the record of the plea hearing does not contain a factual basis to support the conclusion that Christensen engaged in direct contact or indirect contact with any member of the family.

The state relies on *Egge* and contends that Christensen violated the May 2012 HRO by instigating or initiating contact with the family via her videocamera. At first blush, this contention appears to suggest that Christensen violated the May 2012 HRO by provoking the family into contacting Christensen. But this court's opinion in *Egge* used the words "instigate" and "initiate" in the sense of causing a third person to contact a protected person. *See* 611 N.W.2d at 575. In other words, the *Egge* case is simply an example of prohibited indirect contact. *See id.* The *Egge* opinion does not stand for the proposition that an HRO prohibiting indirect contact forbids a restricted person from provoking a protected person into making contact with the restricted person.

The state further contends that Christensen made indirect contact with the family by coming "in close proximity to a person or persons protected by a court order." For this contention, the state relies on an opinion of the United States Court of Appeals for the Eighth Circuit in *Ulrich v. Pope Cnty.*, 715 F.3d 1054 (8th Cir. 2013), which held that "indirect contact can occur when a defendant knowingly comes in close proximity to a person or persons protected by a court order." *Id.* at 1059. We note that the issue presented to the *Ulrich* court was different from the issue in this case. The plaintiff in *Ulrich* alleged a civil claim under 42 U.S.C. § 1983 (2012) against two deputies who arrested him for violating an HRO, and the issue on appeal was whether the deputies had

"arguable probable cause" to arrest him so as to obtain the benefit of the qualified immunity doctrine. *Id.* at 1058-59. Furthermore, the *Ulrich* opinion is not binding on this court. *See Jendro v. Honeywell, Inc.*, 392 N.W.2d 688, 691 n.1 (Minn. App. 1986), *review denied* (Minn. Nov. 19, 1986). More importantly, the facts of *Ulrich* indicate a closer proximity between the parties than the facts of this case. The plaintiff in *Ulrich* intended to make visual contact with one protected person at a small public event and knew that another protected person also would be present. *Id.* at 1060. In this case, however, Christensen remained on her own property at all times and neither saw nor video-recorded any member of the neighboring family. Thus, if we were to apply *Ulrich*, we would conclude that the facts to which Christensen admitted at the plea hearing do not support the conclusion that Christensen engaged in indirect contact by being in close proximity to the family.

As stated above, a guilty plea is inaccurate if it is not supported by an adequate factual basis. *Munger*, 749 N.W.2d at 337-38; *Ecker*, 524 N.W.2d at 716. Our review of the factual record of Christensen's plea hearing, in light of the parties' arguments, leads us to conclude that there is not an adequate factual basis to support the conclusion that Christensen violated the HRO. Thus, Christensen's guilty plea is invalid, and the district court erred by denying her motion to withdraw the plea pursuant to the manifest-injustice standard. *See* Minn. R. Crim. P. 15.05, subd. 1. Therefore, we reverse Christensen's conviction and remand the matter to the district court for withdrawal of Christensen's guilty plea and for further proceedings.

10

In her appellate brief, Christensen makes three additional arguments. She argues that the district court erred by denying her motion to withdraw her guilty plea pursuant to the fair-and-just standard, *see* Minn. R. Crim. P. 15.05, subd. 2; that she received ineffective assistance of counsel in connection with her plea-withdrawal proceedings; and that the district court erred by imposing a probationary sentence consecutively with a previously imposed probationary sentence. Because we have concluded that Christensen's guilty plea is invalid based on her primary argument and that she is entitled to withdraw her plea, we need not address Christensen's other arguments. *See Theis*, 742 N.W.2d at 650-51.

**Reversed and remanded; motion denied.**