After a jury trial, the defendant was convicted of violating a harassment prevention order, G. L. c. 258E, § 9. On appeal, she argues that there was insufficient evidence to sustain the conviction and that any statement made did not constitute contact or harassment under G. L. c. 258E, § 9. We affirm.
1. Sufficiency of the evidence. In the light most favorable to the Commonwealth, the jury could have found the following facts based on evidence presented at trial. In 2015, the victim appeared in District Court for a hearing to extend a harassment prevention order against the defendant. The defendant was also present for the hearing. After the hearing, the judge granted the extension and the victim left the courtroom with her fiancé, the defendant's ex-husband. As the victim and her fiancé walked down the court house stairs, they heard the defendant yell, "Bombaclot[2] mother fuckers are gonna get it." When the victim and her fiancé turned around in the direction of the statement, they saw the defendant about "one stairwell" behind them.
On appeal, the defendant contends that the judge erred in denying her motions for a required finding of not guilty because there was no direct testimony to the identity of the speaker nor the intended recipient of the statement. "When reviewing the denial of a motion for a required finding of not guilty, we inquire 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Commonwealth v. Sepheus, 468 Mass. 160, 163 (2014), quoting from Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). "The Commonwealth's evidence 'may be entirely circumstantial, and ... the inferences a jury may draw from the evidence "need only be reasonable and possible and need not be necessary or inescapable." ' " Commonwealth v. Mejia, 461 Mass. 384, 392 (2012) (quotation omitted).
The Commonwealth evidenced the defendant's identification through a series of links that provided a sufficient basis for a jury to conclude that she was the speaker. See Commonwealth v. Mezzanotti, 26 Mass. App. Ct. 522, 527 (1988) ( "[A] voice identification may be considered by a jury as long as the witness expresses some basic familiarity with the voice he or she claims to identify"). Here, the fiancé testified to being the defendant's former husband and that he and the victim had just left a court room where the defendant was present. When both the victim and her fiancé turned in the immediate direction of the source of the statement, they saw the defendant standing only a short distance away. Furthermore, the jury could have found based on the witnesses' testimony that the defendant had directed her statement to the victim. See Commonwealth v. Consoli, 58 Mass. App. Ct. 734, 741 (2003) ("[O]ne cannot undermine a no contact order by the simple expedient of ricocheting prohibited comments off of third parties ... who are in the vicinity of those whom the order protects").
The defendant's challenge to the sufficiency of the evidence is directed more to the credibility of the witnesses and the weight of the evidence, which is beyond our review. See Commonwealth v. Ragland, 72 Mass. App. Ct. 815, 832 (2008) ("The task of assessing the cogency of evidence and resolving conflicting testimony, with rare exceptions not applicable here, is the exclusive province of the jury"). Accordingly, we conclude that the evidence sufficiently supports the defendant's identity as the speaker and that the statement was directed to the victim. The judge properly denied the required finding motions.
2. Sufficient contact. Under these circumstances, the defendant's statement constituted a prohibited "contact" under the statute. "Our cases generally interpret 'contact' broadly; there are many ways to achieve a communication." Commonwealth v. Basile, 47 Mass. App. Ct. 918, 919-920 (1999). Here, the evidence of contact is sufficient to constitute a violation of the harassment prevention order and, thus, we need not examine whether the statements may have also constituted "harassment" under the statute. See Consoli, supra. There was no error.
Judgment affirmed.

"Bombaclot" is a Jamaican expletive.