NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-930

COMMONWEALTH

vs.

ALPHONSO J. SINCLAIR, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a bench trial, the defendant was convicted of violating an abuse prevention order, G. L. c. 209A, § 7, by making an "auto rejected" call to the victim's phone.  On appeal, he argues that (1) the admission of a screenshot image of the victim's call log resulted in a substantial risk of a miscarriage of justice, (2) trial counsel's failure to object to the screenshot evidence amounted to ineffective assistance of counsel, and (3) there was insufficient evidence to support his conviction.  We affirm.

Background.  The defendant and the victim married in 2014 and had two children.  An abuse prevention order was entered against the defendant on February 11, 2019, and was extended

several times until July 17, 2022.  The no contact provision in the order barred attempts to contact the victim "in person, by telephone, in writing, electronically or otherwise, either directly or through someone else."  The parties' divorce was finalized in August 2021.  Between December 4, 2020, and January 25, 2021, four complaints were issued charging the defendant with multiple violations of the abuse prevention order.

The defendant's jury-waived trial began on November 16, 2022.  The victim testified that she had used the same phone number for more than ten years and that, during her relationship with the defendant, she received hundreds of calls and texts from his phone.  Without objection by the defendant, the judge admitted into evidence a printed screenshot that the victim took from her phone and provided to the police.  The screenshot included a call log that showed an "auto rejected" call from the defendant's phone on April 14, 2020.  It also showed that two "Duo video calls," described by the victim as "an Android response to FaceTime," were attempted from the defendant's phone the next day.[1]  The defendant did not testify or call any witnesses.  After denying the defendant's motion for a required

---

[1] The log listed the "Duo video calls" as having been made at certain times "Today," and next to them "April 15" was written in hand by a detective to whom, the victim testified, she sent the screenshot that same day.

finding of not guilty, the judge found him guilty of one violation of the abuse prevention order, based on the "auto rejected" call, and acquitted him of the remaining charges.

Discussion. 1. Authentication of the screenshot exhibit. The defendant argues that the screenshot showing the "auto rejected" telephone call on April 14, 2020, should not have been admitted "for lack of evidence that the defendant was the individual who actually made the call[]." Because the defendant did not object to the admission of this screenshot, we review to determine whether any potential error created a substantial risk of a miscarriage of justice. Commonwealth v. Almele, 474 Mass. 1017, 1019 (2016). That question turns on whether we have "a serious doubt whether the result of the trial might have been different had the error not been made." Commonwealth v. LeFave, 430 Mass. 169, 174 (1999). We discern no such error here.

The screenshot is digital evidence. See Commonwealth v. Meola, 95 Mass. App. Ct. 303, 307-308 (2019). See also Mass. G. Evid. §§ 901(b)(11), 1119(a)(1) (2024). "[B]efore admitting an electronic communication in evidence, a judge must determine whether sufficient evidence exists 'for a reasonable jury to find by a preponderance of the evidence that the defendant authored' the communication." Commonwealth v. Oppenheim, 86 Mass. App. Ct. 359, 366 (2014), quoting Commonwealth v. Purdy, 459 Mass. 442, 447 (2011). See Mass. G. Evid. §§ 901(a),

3

1119(b).  "Authenticity is usually proved by testimony of a witness either '(1) that the thing is what its proponent represents it to be, or (2) that circumstances exist which imply that the thing is what its proponent represents it to be.'" Commonwealth v. Williams, 456 Mass. 857, 868 (2010), quoting Commonwealth v. Nardi, 452 Mass. 379, 396 (2008).

Here, the victim testified that the call log came from her cell phone.  She had used the same phone number for over ten years, including when she was married to the defendant, and she recognized the number that made the "auto rejected" call as the defendant's.  The log also showed that the next day two calls were made from that number to the victim's phone using the "Duo video call" Android application, and the victim testified that both she and the defendant had Android phones.  These facts were adequate to allow a reasonable factfinder to find by a preponderance of the evidence that the defendant made the "auto rejected" call.  See Commonwealth v. Gonsalves, 99 Mass. App. Ct. 638, 642 (2021) (finding of authenticity supported by victim's identification of cell phone number as defendant's); Commonwealth v. Alden, 93 Mass. App. Ct. 438, 440-441 (2018), cert. denied, 139 S. Ct. 2010 (2019) (victim's "prior relationship with the defendant and her use of the telephone number to communicate with him over a significant period of

4

time" provided confirming circumstances that defendant sent threatening text messages from that phone).

The defendant's reliance on Williams, 456 Mass. at 868-869, is misplaced because that case involved the authenticity of messages sent from an individual's MySpace Web page. The Supreme Judicial Court analogized the messages to "an incoming [telephone] call from a person claiming to be 'A,' without more," which it explained would be "insufficient evidence to admit the call as a conversation with 'A.'" Id. at 869. Here, by contrast, the victim's familiarity with the defendant's phone number, her prior receipt of hundreds of texts and calls from the defendant using that number, and the use of that number the next day to make two "Duo video calls" to the victim were confirming circumstances that adequately connected the defendant to the making of the "auto rejected" call. See Alden, 93 Mass. App. Ct. at 441.

Accordingly, the judge did not abuse his discretion in admitting the screenshot into evidence. See Meola, 95 Mass. App. Ct. at 309. Because the defendant was acquitted of the other charges in the case, there can be no substantial risk of a miscarriage of justice in the admission of other screenshots showing text messages from phone numbers the victim did not recognize. See Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 923 (2004) (admission of evidence was "obviously not unduly

5

prejudicial given the defendant's acquittal on the charge to which it most directly related").

2. _Ineffective assistance of counsel_. We reject for similar reasons the defendant's argument that his trial counsel's failure to object to the admission of the screenshot amounted to ineffective assistance. "To prevail on a claim of ineffective assistance of counsel, . . . a defendant also must show that counsel's deficiency resulted in prejudice, . . . which, in the circumstances of counsel's failure to object to an error at trial, is essentially the same as the substantial risk standard we apply to unpreserved errors." Commonwealth v. LaChance, 469 Mass. 854, 858 (2014), cert. denied, 577 U.S. 922 (2015), citing Commonwealth v. Azar, 435 Mass. 675, 686-687 (2002). Because no substantial risk of a miscarriage of justice resulted from the admission of the screenshot into evidence, there is no basis for an ineffective assistance claim based on counsel's failure to object to it. See Commonwealth v. Curtis, 417 Mass. 619, 624 n.4 (1994); Commonwealth v. Farnsworth, 76 Mass. App. Ct. 87, 100 (2010).

3. _Sufficiency of the evidence_. Lastly, the defendant argues that the judge erred in denying his motion for a required finding of not guilty. When reviewing a sufficiency of the evidence claim, we determine whether "the evidence, including all reasonable and possible inferences, was sufficient to enable

6

any rational trier of fact to 'infer the existence of the essential elements of the crime charged.'" Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 351 (2015), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). The essential elements of violating an abuse prevention order under G. L. c. 209A, § 7, are (1) that a court issued an abuse prevention order; (2) the order was in effect on the date of the alleged violation; (3) the defendant knew the terms of the order were in effect; and (4) the defendant violated a term of the order. Commonwealth v. Shea, 467 Mass. 788, 794 (2014).

Here, it is undisputed that the abuse prevention order was in effect and prohibited the defendant from contacting the victim, including electronically and by telephone. The defendant knew about the order because he had attended multiple extension hearings. The only element disputed at trial was whether the defendant violated the order by attempting to call the victim on April 14, 2020. "Our cases generally interpret 'contact' broadly; there are many ways to achieve a communication." Commonwealth v. Basile, 47 Mass. App. Ct. 918, 919 (1999). Thus, a rejected phone call or other contact can violate an abuse prevention order even if there is no verbal communication between the parties. See Commonwealth v. Russell, 46 Mass. App. Ct. 307, 309-311 (1999); Commonwealth v. Butler, 40 Mass. App. Ct. 906, 907 (1996). Although the defendant

7

argues that the Commonwealth did not prove that the "auto rejected" call was not made accidentally, accident is an affirmative defense that must be "fairly raised" before the judge will require the Commonwealth to disprove it beyond a reasonable doubt.  Commonwealth v. Podkowka, 445 Mass. 692, 699 (2006).  The defendant did not present any evidence regarding the possibility of an accident at trial, but rather only speculated during closing argument that the "auto rejected" call might have been "a mistake" or "butt dial."  His motion for a required finding of not guilty was properly denied.

Judgment affirmed.

By the Court (Sacks, Ditkoff & Toone, JJ.[2]),

Clerk

Entered:  September 24, 2024.

---

[2] The panelists are listed in order of seniority.